IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. |
| KRISTIN ROGERS, | § § § | |
| Defendant. | § § | |

# COMPLAINT

Massachusetts Mutual Life Insurance Company ("MassMutual") brings this complaint for Declaratory Judgment against Defendant Kristin Rogers ("Defendant") and respectfully avers as follows:

## I.
## NATURE OF THE CASE

1. This is a declaratory judgment action concerning a disability insurance policy that MassMutual issued to Defendant Kristin Rogers. In light of fraudulently misrepresented, omitted, and/or concealed material facts in the application for the subject policy, MassMutual seeks a determination from the Court that the policy is void *ab initio*, that the policy is properly rescinded, and that no benefits are payable.

## II.
## PARTIES

2. MassMutual is an insurance company organized and existing under the laws of Massachusetts, with its principal place of business in Springfield, Massachusetts. MassMutual is a citizen of the Commonwealth of Massachusetts.

3. Defendant Kristin Rogers is an individual and, upon information and belief, maintains a residence at 8761 Misty Bluff Court, Dallas, Texas 75249. Defendant is a citizen of the State of Texas under 28 U.S.C. § 1332. Defendant may be served at 8761 Misty Bluff Court, Dallas, Texas 75249, or wherever else she may be found.

## III.
## JURISDICTION AND VENUE

4. This suit presents a case of actual controversy within the diversity jurisdiction of this Court. The Court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between MassMutual and Defendant.

5. The venue for this action is proper in the Northern District of Texas under 28 U.S.C. § 1391 because Defendant resides in this District and a substantial part of the events or omissions giving rise to the claim occurred in this District.

# IV.
# FACTUAL BACKGROUND

## A. Issuance of the Policy

6. On May 14, 2015, Defendant completed Part 1 of an application for disability insurance coverage. A true and correct copy of the application is attached hereto as Exhibit A.

7. On the Disability Income Medical Supplement to the application, MassMutual asked and Defendant answered the following questions:

- "Within the past 10 years has the Insured been diagnosed, tested positive for, or been given any medical advice by a member of the medical profession for a disease or disorder? If yes, check condition(s) and provide additional information in Details Box." Defendant answered "yes" to Question 2.

- "Other than the above, within the past 5 years has the Proposed Insured been diagnosed, treated, tested positive for, or been given any medical advice by a member of the medical profession for any illness, infection, injury or surgery, physical examination, medical consultation, counseling, electrocardiogram, x-ray or laboratory study or been a patient in a hospital or other medical facility except those tests related to the Human Immunodeficiency Virus (AIDS virus)?" Defendant answered "yes" to this question. In the Details box requesting elaboration for diagnosis, dates, duration names and addresses of all attending physicians and medical facilities, Defendant disclosed that she was involved in a motor vehicle accident in December 2012 and received chiropractic care, physical therapy, massage and acupuncture treatments.

Ex. A at p. 13.

8. Although Defendant answered "yes" to Question 2 regarding diseases and disorders for which Defendant received treatment, testing, and/or a diagnosis

within the last 10 years, Defendant did not check the boxes for "Anxiety," "Depression," or "Psychological/Psychiatric Disorder."  Nor did Defendant disclose information in the Details box of the application regarding any treatment or diagnosis she received related to "Anxiety," "Depression," or a "Psychological/Psychiatric Disorder."

9. Defendant signed the application on May 14, 2015.  *See* Ex. A.

10. By signing the application, Defendant affirmed that her statements and answers on the application were "true, complete and correctly recorded to the best of [her] knowledge and belief."  Ex. A at p. 14.  Defendant also agreed to "adopt all statements made in the Application and agree[d] to be bound by them."  *Id.*

11. In reliance on Defendant's representations in the application, MassMutual issued Policy No. 8861006 to Defendant on August 19, 2015.  A true and correct copy of the Policy (including the application) is attached hereto as Exhibit B.

12. The Policy sets forth certain General Rules, including a provision that the "contract is made in consideration of the application(s) and the payment of premiums as provided in this Policy[.]   All statements in an application will be deemed representations and not warranties; No statement will be used to void this Policy unless contained in an application[.]"  Ex. B. at p. 13.

13. In addition, the Policy contains a provision that provides, "[a]fter two years from the date this Policy becomes Effective, only fraudulent misstatements in the application may be used to void this Policy or to deny a claim for a Disability that starts after the two year period." *See* Ex. B at p. 14.

**B.     Claim Review**

14. On or about July 19, 2017, Defendant submitted a claim form to MassMutual seeking benefits under the Policy. Defendant claimed Total Disability from May 5, 2017, due to "Anxiety," "Depression," or a "Psychological/Psychiatric Disorder." Defendant subsequently claimed Partial Disability due to her condition associated with a loss of income from January 2017, through May 4, 2017.

15. As part of its claim review, MassMutual obtained medical records from Defendant's medical providers. The information obtained by MassMutual revealed that Defendant failed to disclose and fraudulently misrepresented her true medical condition and associated treatment on the application for the Policy.

16. Contrary to Defendant's representations on the application, Defendant had experienced significant and recent medical treatment for "Anxiety," "Depression," or a "Psychological/Psychiatric Disorder," including related symptoms and conditions, on March 26, 2014, April 1, 2015, and May 4, 2015.

17. On October 18, 2017, Defendant discussed her medical history with MassMutual. Defendant did not dispute the above-referenced medical history, and Defendant could not recall whether she had disclosed this information at the time of application.

18. By letter dated October 23, 2017, MassMutual advised Defendant that Defendant made fraudulent misrepresentations in her application and that MassMutual was rescinding the Policy. MassMutual enclosed a check refunding the premiums paid to date.

19. Had Defendant accurately and truthfully responded to the questions in the application, MassMutual would not have issued the Policy or would have issued it under different terms. The misrepresentations were therefore material. Furthermore, Defendant had knowledge or awareness of the falsity of her misrepresentations at the time they were made and she made the misrepresentations with the intent to deceive MassMutual. In issuing the Policy, MassMutual relied on the truthfulness and completeness of her answers to the questions in the application.

20. Defendant has been timely notified of MassMutual's intent to rescind the Policy and/or its refusal to be bound by the Policy. MassMutual now moves for this Court for an order that the policy is void *ab initio*, that the policy is properly rescinded, and that no benefits are payable. MassMutual reserves its rights to assert

additional grounds as warranted based on any other undisclosed and/or misrepresented information.

# V.
## COUNT I – DECLARATORY JUDGMENT

21. MassMutual incorporates each of the paragraphs above as if set forth herein at length.

22. MassMutual brings this action seeking rescission of the Policy. MassMutual seeks an order that the policy is void *ab initio*, that the policy is properly rescinded, and that no benefits are payable.

23. Defendant knowingly and intentionally made material misstatements of fact, failed to disclose and omitted material facts, and otherwise intentionally failed to accurately, honestly, and/or truthfully answer and disclose material information on the application for the Policy.

24. Had MassMutual known of the misstatements, misrepresentations, and omissions before issuing the Policy, it would not have issued the Policy on the terms it did, if at all.

25. For the reasons stated above, an actual controversy exists between MassMutual and Defendant that is within the jurisdiction of this Court and involves the rights and liabilities under the Policy.

26. Due to Defendant's intentional and material misrepresentations during the application process, Defendant is not entitled to disability benefits under the

Policy. Instead, MassMutual requests that the policy is void *ab initio*, that the policy is properly rescinded, and that no benefits are payable.

27. MassMutual also requests that the Court award it attorneys' fees incurred in pursuing this action. The Court may award costs and reasonable and necessary attorneys' fees in a diversity action when applicable state law would provide for such fees. Under the Uniform Declaratory Judgments Act, the Court may award costs and reasonable and necessary attorneys' fees as are equitable and just. TEX CIV. PRAC. & REM. CODE § 37.009. MassMutual is filing this declaratory judgment action requesting the Court determine its rights, status, and other legal relations with respect to the Policy. For the reasons stated above, MassMutual requests that this Court award it reasonable attorneys' fees.

## VI.
## RELIEF REQUESTED

WHEREFORE, MassMutual respectfully requests the Court enter an order as follows:

(1) Declaring that the Policy is rescinded;

(2) Declaring that no insurance under the Policy ever took effect and the Policy is void *ab initio*;

(3) Declaring that benefits are not payable; and

(4) Awarding MassMutual damages, prejudgment interest, post judgment interest, costs of suit, reasonable attorneys' fees, and such other relief as this Court deems equitable and just.

Respectfully Submitted,

*s/ Alex Shilliday*
E. ALEX SHILLIDAY
State Bar No. 24041908
alex.shilliday@dbr.com
**DRINKER BIDDLE & REATH LLP**
1717 Main Street, Suite 5400
Dallas, Texas 75201-7367
Telephone: (469) 357-2500
Facsimile: (469) 327-0860

Of Counsel:
Katherine L. Villanueva (*pro hac vice* admission to be requested)
Katherine.Villaneuva@dbr.com
**DRINKER BIDDLE & REATH LLP**
One Logan Square, Suite 2000
Philadelphia, PA  19103-6996
Telephone: (215) 988-2535
Facsimile: (215) 988-2757

**ATTORNEYS FOR PLAINTIFF MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY**